Bruce M. Franson (10792)
FLICKINGER SUTTERFIELD & BOULTON
9289 South Redwood Rd. Ste. A
West Jordan, UT 84088
Telephone: (801) 370-0505
Facsimile: (801) 509-7101
bruce@fsutah.com
Attorneys for Plaintiff

IN THE THIRD JUDICIAL DISTRICT COURT
IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| MIA SALAS, | **COMPLAINT** |
|---|---|
| Plaintiff, | |
| v. | **Tier III** |
| | Case: _____ |
| UNIVERSITY OF UTAH, MADSEN HEALTH CENTER; MATTHEW WELCH, an individual, | Judge: _____ |
| Defendants. | |

Plaintiff hereby complains against Defendants and for causes of action alleges as follows:

## PARTIES AND JURISDICTION

1. Plaintiff is an individual residing in Salt Lake County, State of Utah.

2. At all times material herein, Defendant Matthew Welch ("Welch") was an individual residing in Salt Lake County, Utah.

3. At all times material herein, Defendant University of Utah, Madsen Health Center ("U of U") was a division of the University of Utah, a public University, which is owned, governed, funded, organized, and run by the State of Utah.

4. The events complained of herein occurred in Salt Lake County, State of Utah.

5. Prior to filing this Complaint, the Plaintiff properly complied with the requirements of the

1

Utah Governmental Immunity Act by sending a Notice of Claim Against a Governmental Entity via certified mail, return receipt, on September 11, 2020.

6. Plaintiff received a written Denial of that Notice of Claim on or about September 24, 2020.

7. Prior to filing this Complaint, Plaintiff properly complied with the administrative regulations of the Utah Antidiscrimination and Labor Division and the Equal Employment Opportunity Commission by filing a Charge of Discrimination with both of those entities on December 9, 2019.

8. Plaintiff received a 90 Day Notice of Right to Sue letter dated January 13, 2021, and has filed this Complaint within 90 days of receipt of that letter.

9. This Court has jurisdiction over the parties to and subject matter of this action and venue is properly laid in the above titled Court.

## GENERAL ALLEGATIONS

10. The above paragraphs are realleged as if fully set forth herein.

11. Plaintiff is a woman of Hispanic heritage, who grew up in Mexico, and who suffers from depression and anxiety.

12. At all relevant times, Plaintiff was the only employee of her race or national origin on her team.

13. Owing to Plaintiff's disability, she occasionally had to take time off from work or take longer breaks in order to deal with the effects thereof.

14. During her time employed by Defendant U of U, Plaintiff frequently worked at the same

time and in the same place as Defendant Welch.

15. Defendant Welch was in a higher-ranking position than Plaintiff while on the same team.

16. During Plaintiff's employment, Defendant Welch would verbally, physically, and sexually harass the Plaintiff in at least the following manners:

    a. Defendant Welch would regularly attempt to engage Plaintiff in inappropriate conversations about her personal life, including asking about sexual behaviors involving her and her romantic partners at the time, and imply a desire for sexual behaviors between himself and the Plaintiff,

    b. Defendant Welch would ask questions or make sexual comments in regard to Plaintiff's physical appearance or dress,

    c. Defendant Welch would touch the Plaintiff in an inappropriate and unwanted manner, including rubbing her shoulders or back and giving unwanted hugs,

    d. On at least one occasion, Defendant Welch stood behind the Plaintiff while Plaintiff was sitting in a chair and rubbed his genitalia on the Plaintiff while he was obviously aroused.

17. Plaintiff complained of Defendant Welch's behavior, including but not limited to the behaviors listed above, to her supervisors.

18. Within days of Plaintiff's complaints to her supervisors, Plaintiff began to receive verbal and written warnings for her behavior at work, including but not limited to allegations of excessive absences or tardiness.

19. Plaintiff was also verbally harassed by other employees in supervisory positions, and

even explicitly told that Defendant Welch was a more important employee, and that Plaintiff would be terminated if she continued to make complaints against Defendant Welch.

20. Plaintiff received various warnings specifically regarding her attendance that were not given to other employees equally.

21. At least one of the absences for which Plaintiff was given a written warning was an absence taken with permission.

22. Other employees would show up late or leave early, but were not similarly disciplined.

23. At times, Plaintiff was working alone in her lab owing to the absence of the rest of the team, yet on such days no action was taken against any other team member.

24. Defendant Welch occasionally arrived late, inebriated, and smelling of alcohol, yet was not disciplined.

25. Defendant Welch also was a "no call no show" on at least two occasions that Plaintiff is aware of, yet was not disciplined for said absences.

26. On October 9, 2019, Plaintiff was terminated by Defendant U of U.

27. Despite her termination, Plaintiff continued to pursue her claims against Defendant Welch through the Office of Equal Opportunity and Affirmative Action internally at the U of U.

28. Other employees made similar complaints against Defendant Welch.

29. After multiple complaints and the beginning of the Plaintiff's action through the Utah Antidiscrimination and Labor Division and the Equal Employment Opportunity

Commission, Defendant U of U eventually began to take the claims seriously.

30. Defendant U of U eventually opened a case against Defendant Welch for his behavior toward the Plaintiff and toward other employees.

31. The end result of that investigation was the decision by Defendant U of U to terminate the employment of Defendant Welch.

## COUNT I
### (Assault and Battery)

32. The above paragraphs are realleged as if fully set forth herein.

33. Defendant Welch assaulted and battered Plaintiff when he engaged in the unwanted physical contact and verbal harassment described herein above, particularly in paragraph 16.

34. As a direct and proximate result of Defendant's assault and battery of Plaintiff, Plaintiff suffered serious injuries and was required to incur medical expenses in an amount to be determined at trial, relative to her care and treatment, for which economic damages she is entitled to recover from Defendants in this proceeding.

35. As a further result thereof, Plaintiff suffered further economic losses in an amount to be determined at trial for time missed from work as a result of the injuries she sustained, for which damages she is entitled to recover from Defendants.

36. As a further result of Defendant Welch's assault and battery of Plaintiff, she incurred travel expenses in driving to and from medical appointments, for which damages she is entitled to recover from Defendants.

37. Plaintiff may also incur other additional medical expenses in an amount to be determined at trial in connection with ongoing and future treatment for the injuries she suffered in this incident, which she should recover from Defendants.

38. As an additional direct and proximate result of Defendant Welch's assault and battery of Plaintiff, she suffered post-traumatic stress and fear; conscious pain and suffering; loss of enjoyment of life; significant emotional distress; and other significant permanent emotional and psychological injury which has substantially changed her lifestyle and has left her incapable of performing the types of jobs she performed before this injury, for which damages she is entitled to recover from Defendants in this proceeding in an amount to be determined at trial.

39. Plaintiff is entitled to interest on damages as allowed by law, court costs, and other relief as may be deemed proper in the premises.

## COUNT II

### (Intentional infliction of emotional distress)

40. The above paragraphs are realleged as if fully set forth herein.

41. Defendant Welch's conduct as described herein caused Plaintiff to suffer severe emotional distress.

42. Defendant Welch's conduct was outrageous because it goes beyond all possible bounds of decency.

43. Defendant Welch's conduct was outrageous because a reasonable person would regard the conduct as intolerable in a civilized community.

44. Defendant Welch intended to cause Plaintiff emotional distress, or Defendant Welch acted with reckless disregard of the probability that Plaintiff would suffer emotional distress, knowing that Plaintiff was present when the conduct occurred.

45. Defendant Welch knew that emotional distress would probably result from his conduct, or he gave little or no thought to the probable effects of his conduct.

46. Plaintiff suffered severe emotional distress including suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

47. Defendant Welch's conduct was a substantial factor in causing Plaintiff's severe emotional distress.

48. Plaintiff is entitled to recover the damages descried above from Defendants in this proceeding in an amount to be determined at trial.

## COUNT III

### (Respondeat Superior)

49. The above paragraphs are realleged as if fully set forth herein.

50. Upon information and belief, Defendant Welch was employed by Defendant U of U or was an agent of Defendant U of U, and at the time of the actions complained herein was within the course and scope of his employment.

51. All of Defendant Welch's actions described herein took place while both Welch and the Plaintiff were physically located on the property owned by Defendant U of U, during working hours, and while both of them were on the clock.

52. Defendant U of U is jointly and severally liable for the above-described damages caused

by Defendant Welch under *respondeat superior*, and Plaintiff is therefore entitled to recover against Defendant U of U the damages detailed herein.

## COUNT IV

### (Negligence)

53. The above paragraphs are realleged as if set forth fully herein.

54. Defendant U of U owed a duty to Plaintiff to reasonably ensure she could attend to her responsibilities at work free from the types of harassment, assault, and discrimination described herein.

55. Defendant U of U breached this duty to Plaintiff when they negligently failed to prohibit such behavior or respond to the Plaintiff's complaints or concerns about it.

56. Defendant U of U further breached this duty to Plaintiff by taking no timely action against Defendant Welch in response to the complaints by Plaintiff and by other employees of the U of U.

57. As a direct, legal, and proximate result of this discrimination, Plaintiff has sustained economic and emotional injuries, resulting in damages in an amount to be proven at trial.

58. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's rights.

## COUNT V

**(Hostile Work Environment Based on Race, National Origin, Gender, and Disability in Violation of Title VII of the Civil Rights Act of 1964, 42 USC 2000e-2(a) and the Utah Anti-Discrimination Act)**

59. The above paragraphs are realleged as if fully set forth herein.

60. Defendants subjected Plaintiff to unwelcome conduct by engaging in the verbal, sexual, and physical harassment described herein above.

61. This conduct was severe and pervasive, occurring on a regular, sometimes daily, basis.

62. Plaintiff's multiple complaints to Defendants' supervisory employees did not cause Defendants to take any action to prevent or address the ongoing conduct.

63. The Defendants' actions in relation thereto created a hostile work environment for Plaintiff because of her national origin (from Mexico), her race, her gender as a female, and her disability, suffering from anxiety and depression.

64. Plaintiff found her work environment to be hostile and heavily charged with discrimination.

65. A reasonable person in Plaintiff's position would have found the work environment to be hostile and polluted by discrimination on the various bases alleged herein.

66. Management level employees knew, or should have known, of their employees' conduct in relation to the Plaintiff.

67. Defendants did not exercise reasonable care to prevent the creation of a hostile work environment charged with discrimination and did not exercise reasonable care to prohibit or prevent such discriminatory activity, even after Plaintiff's repeated opposition to it.

68. As a direct, legal, and proximate result of this discrimination, Plaintiff has sustained economic and emotional injuries, resulting in damages in an amount to be proven at trial.

69. Defendants' unlawful actions were intentional, willful, malicious, and/or done with

reckless disregard to Plaintiff's right to be free from discrimination.

## COUNT VI

**(Wrongful Termination in Violation of Title VII of the Civil Rights Act of 1964, 42 USC 2000e-2(a) and the Utah Anti-Discrimination Act)**

70. The above paragraphs are realleged as if fully set forth herein.

71. Defendants' termination of Plaintiff was done in part on the basis of her race, national origin, gender, or disability.

72. Defendants' decision to terminate the Plaintiff was made in violation of the portions of Title VII of the Civil Rights Act of 1964 and the Utah Anti-Discrimination Act that prohibit termination on such bases.

73. As a direct, legal, and proximate result of this discrimination, Plaintiff has sustained economic and emotional injuries, resulting in damages in an amount to be proven at trial.

74. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination.

## COUNT VII

**(Retaliation in Violation of Title VII of the Civil Rights Act of 1964, 42 USC 2000e-2(a) and the Utah Anti-Discrimination Act)**

75. The above paragraphs are realleged as if fully set forth herein.

76. Defendants have violated Title VII of the Civil Rights Act of 1964, 42 USC 2000e-2(a) by subjecting Plaintiff to retaliation for her protected complaints and opposition to Welch's discriminatory actions on the basis of race, ethnicity, gender, national origin, and

disability.

77. Defendants' retaliatory actions included, but were not limited to changing her shifts, ignoring her various complaints, threatening to terminate her employment, giving her unnecessary and undeserved verbal and written warnings, and ultimately terminating her employment.

78. As a direct and proximate result of Defendants' unlawful retaliatory conduct Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits for which she is entitled to an award of monetary damages and other relief.

79. As a direct and proximate result of Defendants' unlawful retaliatory conduct Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

80. Defendants' unlawful retaliatory conduct constitutes a willful and wanton violation of the Plaintiff's rights, was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's State and Federal civil rights, entitling Plaintiff to an award of punitive damages.

## COUNT VIII

### (Punitive Damages)

81. The above paragraphs are realleged as if fully set forth herein.

82. As described herein, Defendants' behavior has been willful, malicious, and intentional, manifesting a knowing and reckless indifference and disregard toward the rights of Plaintiff.

83. As a result of Defendant's willful, malicious, and intentional behavior described herein, Plaintiff is entitled to be awarded punitive damages, in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants for economic damages, non-economic damages, interest on damages, punitive damages, attorneys' fees, court costs, and other relief as may be proper in the premises.

Plaintiff avers that her damages qualify under Tier III of Rule 26(c)(3) of the Utah Rules of Civil Procedure.

DATED April 8, 2021.

**FLICKINGER SUTTERFIELD & BOULTON**

 /s/  *Bruce M. Franson* 
Bruce M. Franson
*Attorneys for Plaintiff*