MICHAEL A. DODGE (11560)
Assistant Utah Attorney General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, 6th Floor
Salt Lake City, UT 84114
Telephone: (385) 499-0580
Facsimile: (801) 366-0101
E-mail: mdodge@agutah.gov
*Attorneys for Defendant University of Utah Madsen Health Center*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

|  |  |
|---|---|
| MIA SALAS,<br><br>        Plaintiff,<br><br>v.<br><br>UNIVERSITY OF UTAH MADSEN HEALTH CENTER, and MATTHEW WELCH,<br><br>        Defendants. | **DEFENDANT UNIVERSITY OF UTAH MADSEN HEALTH CENTER'S ANSWER**<br><br>Case No. 2:21-cv-00437-JNP-DBP<br><br>Judge Jill N. Parrish<br>Magistrate Judge Dustin B. Pead |

Defendant University of Utah Madsen Health Center[1] ("University"), by and through

counsel, Michael A. Dodge, Assistant Utah Attorney General, submits the following Answer to

the Complaint.

## PARTIES AND JURISDICTION

1.        The University admits the allegations in paragraph 1.

2.        The University admits the allegations in paragraph 2.

---

[1] The Madsen Health Center is a part of the University of Utah; therefore, the proper defendant is the University of Utah.

3.      The University admits the allegations in paragraph 3.

4.      The University admits the allegations in paragraph 4.

5.      The University admits that Plaintiff sent a Notice of Claim Against a Governmental Entity via certified, return receipt, on September 11, 2020. The University denies the remaining allegations contained in paragraph 5.

6.      The University admits the allegations in paragraph 6.

7.      The University admits that Plaintiff filed a Charge of Discrimination on December 9, 2019, with the Utah Antidiscrimination and Labor Division and the Equal Employment Opportunity Commission. The University denies the remaining allegations in paragraph 7.

8.      The University admits the allegations in paragraph 8.

9.      Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over this action based on the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., claims made by Plaintiff, and this action was properly removed from the Third Judicial District to this Court pursuant to 28 U.S.C. § 1441(a). Venue is proper with this Court pursuant to 28 U.S.C. § 1391(b) because all the alleged actions giving rise to Plaintiff's claims occurred within the jurisdiction of the Court.

## **GENERAL ALLEGATIONS**

10.      The University incorporates the preceding paragraphs as if fully stated herein.

11.      The University admits that Plaintiff is a woman of Hispanic heritage. The University lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations in paragraph 11 and therefore denies the same.

12.     The University lacks sufficient knowledge and information to form a belie about the truth of the allegations in paragraph 12 and therefore denies the same.

13.     The University lacks sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 13 and therefore denies the same.

14.     The University admits the allegations in paragraph 14.

15.     The University asserts that the allegations in paragraph 15 call for legal conclusions for which no response is required. On those grounds, the University denies the allegations in paragraph 15.

16.     The University lacks sufficient knowledge and information to form a belief about the truth of the allegations in paragraphs 16(a)-(d) and therefore denies the same. Furthermore, the University asserts that the allegations in paragraphs 16(a)-(d) call for legal conclusions for which no response is required. On those grounds, the University denies the allegations in paragraphs 16(a)-(d).

17.     The University denies the allegations in paragraph 17.

18.     The University admits that Plaintiff received verbal and written warnings for her behavior at work, which included warnings for excessive absences and tardiness. The University denies the remaining allegations in paragraph 18.

19.     The University denies the allegations in paragraph 19.

20.     The University denies the allegations in paragraph 20.

21.     The University denies the allegations in paragraph 21.

22.     The University denies the allegations in paragraph 22.

23.     The University denies the allegations in paragraph 23.

24.     The University denies the allegations in paragraph 24.

25.     The University denies the allegations in paragraph 25.

26.     The University admits the allegations in paragraph 26.

27.     The University admits the allegations in paragraph 27.

28.     The University denies the allegations in paragraph 28.

29.     The University admits that it investigated Plaintiff's complaints after she filed a complaint with the University's AA/OEO office. The University denies the remaining allegations in paragraph 29.

30.     The University admits that it investigated Plaintiff's complaints against Defendant Welch after she filed a complaint with the University's AA/OEO office. The University denies the remaining allegations in paragraph 30.

31.     The University admits the allegations in paragraph 31.

## COUNT I
### (Assault and Battery)

32.     The University incorporates the preceding paragraphs as if fully stated herein.

33.     The University asserts that the allegations in paragraph 33 call for legal conclusions for which no response is required. On those grounds, the University denies the allegations in paragraph 33.

34.     The University asserts that the allegations in paragraph 34 call for legal conclusions for which no response is required. On those grounds, the University denies the allegations in paragraph 34.

35.     The University asserts that the allegations in paragraph 35 call for legal conclusions for which no response is required. On those grounds, the University denies the allegations in paragraph 35.

36.     The University asserts that the allegations in paragraph 36 call for legal conclusions for which no response is required. On those grounds, the University denies the allegations in paragraph 36.

37.     The University asserts that the allegations in paragraph 37 call for legal conclusions for which no response is required. On those grounds, the University denies the allegations in paragraph 37.

38.     The University asserts that the allegations in paragraph 38 call for legal conclusions for which no response is required. On those grounds, the University denies the allegations in paragraph 38.

39.     The University asserts that the allegations in paragraph 39 call for legal conclusions for which no response is required. On those grounds, the University denies the allegations in paragraph 39.

## **COUNT II**
(Intentional Infliction of Emotion Distress)

40.     The University incorporates the preceding paragraphs as if fully stated herein.

41.     The University asserts that the allegations in paragraph 41 call for legal conclusions for which no response is required. On those grounds, the University denies the allegations in paragraph 41.

42.     The University asserts that the allegations in paragraph 42 call for legal conclusions for which no response is required. On those grounds, the University denies the allegations in paragraph 42.

43.     The University asserts that the allegations in paragraph 43 call for legal conclusions for which no response is required. On those grounds, the University denies the allegations in paragraph 43.

44.     The University asserts that the allegations in paragraph 44 call for legal conclusions for which no response is required. On those grounds, the University denies the allegations in paragraph 44.

45.     The University asserts that the allegations in paragraph 45 call for legal conclusions for which no response is required. On those grounds, the University denies the allegations in paragraph 45.

46.     The University asserts that the allegations in paragraph 46 call for legal conclusions for which no response is required. On those grounds, the University denies the allegations in paragraph 46.

47.     The University asserts that the allegations in paragraph 47 call for legal conclusions for which no response is required. On those grounds, the University denies the allegations in paragraph 47.

48.     The University asserts that the allegations in paragraph 48 call for legal conclusions for which no response is required. On those grounds, the University denies the allegations in paragraph 48.

## COUNT III
(Respondeat Superior)

49.     The University incorporates the preceding paragraphs as if fully stated herein.

50.     The University admits the Defendant Welch was an employee of the University.

The University denies the remaining allegations in paragraph 50.

51.     The University lacks sufficient knowledge and information to form a belief about

the truth of the allegations in paragraph 51 and therefore denies the same.

52.     The University denies the allegations in paragraph 52.

## COUNT IV
(Negligence)

53.     The University incorporates the preceding paragraphs as if fully stated herein.

54.     The University asserts that the allegations in paragraph 54 call for legal

conclusions for which no response is required. On those grounds, the University denies the

allegations in paragraph 54.

55.     The University denies the allegations in paragraph 55.

56.     The University denies the allegations in paragraph 56.

57.     The University denies the allegations in paragraph 57.

58.     The University denies the allegations in paragraph 58.

## COUNT V
(Hostile Work Environment)

59.     The University incorporates the preceding paragraphs as if fully stated herein.

60.     The University denies the allegations in paragraph 60.

61.     The University denies the allegations in paragraph 61.

62.     The University denies the allegations in paragraph 62.

63.     The University denies the allegations in paragraph 63.

64.     The University lacks sufficient knowledge and information to form a belief about the allegations in paragraph 64 and therefore denies the same.

65.     The University asserts that the allegations in paragraph 65 call for legal conclusions for which no response is required. On those grounds, the University denies the allegations in paragraph 65.

66.     The University denies the allegations in paragraph 66.

67.     The University denies the allegations in paragraph 67.

68.     The University denies the allegations in paragraph 68.

69.     The University denies the allegations in paragraph 69.

## COUNT VI
(Wrongful Termination)

70.     The University incorporates the preceding paragraphs as if fully stated herein.

71.     The University denies the allegations in paragraph 71.

72.     The University denies the allegations in paragraph 72.

73.     The University denies the allegations in paragraph 73.

74.     The University denies the allegations in paragraph 74.

## COUNT VII
(Retaliation)

75.     The University incorporates the preceding paragraphs as if fully stated herein.

76.     The University denies the allegations in paragraph 76.

77.     The University denies the allegations in paragraph 77.

78.     The University denies the allegations in paragraph 78.

79.     The University denies the allegations in paragraph 79.

80.     The University denies the allegations in paragraph 80.

**COUNT VIII**
(Punitive Damages)

81.     The University incorporates the preceding paragraphs as if fully stated herein.

82.     The University denies the allegations in paragraph 82.

83.     The University denies the allegations in paragraph 83.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, because plaintiff has failed to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, because plaintiff failed to exhaust her administrative remedies.

**THIRD AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, because the University has immunity under the Governmental Immunity Act of Utah, Utah Code 63G-7-101 *et seq.*

**FOURTH AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, because the University is immune under the Eleventh Amendment to the United States Constitution.

**FIFTH AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, because the University did not have actual or constructive notice of any alleged harassment by Welch.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because the University exercised reasonable care to prevent and correct promptly any harassing behavior appropriately reported by plaintiff, and plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the University or to avoid harm otherwise.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because of plaintiff's voluntary, willful and consensual conduct.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because plaintiff failed to mitigate her damages.

### NINTH AFFIRMATIVE DEFENSE

No act or omission by the University caused or contributed to whatever injury, if any, the plaintiff claims to have sustained.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any of the relief she requests because any employment action taken by the University would have been taken even in the absence of any alleged unlawful retaliation.

### ELEVENTH AFFIRMATIVE DEFENSE

All actions taken by the University were the result of legitimate business, non-discriminatory, and non-retaliatory reasons.

**TWELFTH AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, because any injuries and damages claimed by plaintiff arose from plaintiff's own actions or omissions, or from the actions or omissions of third parties over whom the University had no authority or control.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, may have been caused or contributed to by parties beyond the University's control or right to control. All such parties must be placed on the jury special verdict for an apportionment of fault.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, because the University acted reasonably and in good faith and did not act negligently, egregiously, with malice or with willful or reckless indifference or disregard to any of plaintiff's rights.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's negligence was equal to or greater than the negligence, if any, of the University.

**SIXTEENTH AFFIRMATIVE DEFENSE**

To the extent plaintiff's negligence is not equal to or greater than the negligence, if any, of the University, her damages, if any, must be reduced in an amount proportionate to her negligence.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, were the result of superseding and/or intervening causes and were not proximately caused by any act, omission, or other conduct of the University, or its officers, agents, or employees.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The University is immune from punitive damages.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for attorneys' fees are barred, in whole or in part, because attorneys' fees are not an available remedy.

## TWENTIETH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because plaintiff does not have a private right of action under the Utah Antidiscrimination Act.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because Title VII of the Civil Rights Act of 1964 does not provide relief for plaintiff's disability claims.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The University reserves the right to assert additional defenses currently unknown to the University that may hereafter become known through the discovery process.

WHEREFORE, the Defendants respectfully requests that:

1. Plaintiff's claims be dismissed with prejudice;

2. The Defendants be awarded its costs including reasonable attorney's fees; and

3. The Defendants be awarded such other relief as the Court may deem appropriate.

DATED: July 26, 2021.

SEAN REYES
Utah Attorney General

*/s/ Michael A. Dodge*
MICHAEL A. DODGE
Assistant Utah Attorney General
*Attorney for Defendant University of Utah Madsen Health Center*

**CERTIFICATE OF SERVICE**

I certify that on July 26, 2021, I served the foregoing UNIVERSITY OF UTAH

MADSEN HEALTH CENTER'S ANSWER on the following by using the Court's electronic

filing system. I also certify that a true and correct copy of the foregoing was placed in outgoing,

United States mail, postage prepaid, to Matthew Welch:

Bruce M. Franson
9289 S. Redwood Rd., Ste. A
West Jordan, UT 84088
bruce@fsutah.com

Matthew Welch
3190 Imperial Street
Salt Lake City, UT 84106

*/s/ Sheri D. Bintz*