Bruce M. Franson (10792)
FLICKINGER SUTTERFIELD & BOULTON
9289 South Redwood Rd. Ste. A
West Jordan, UT 84088
Telephone: (801) 370-0505
Facsimile: (801) 509-7101
bruce@fsutah.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISON

| | |
|---|---|
| MIA SALAS,<br><br>            Plaintiff,<br><br>v.<br><br>UNIVERSITY OF UTAH, MADSEN HEALTH CENTER, and MATTHEW WELCH,<br><br>            Defendants. | **ATTORNEY PLANNING MEETING REPORT**<br><br>Case No. 2:21-cv-00437-JNP<br>Judge Jill Parrish |

1.  **PRELIMINARY MATTERS**:

    a.  Describe the nature of the claims and affirmative defenses:

    Nature of claims and any affirmative defenses: claims for assault and battery, intentional infliction of emotional distress, Respondeat superior, negligence, hostile work environment, wrongful termination, retaliation, and punitive damages. Defense include, among other things, a general factual denial, failure to exhaust administrative remedies, immunity under the Utah Governmental Immunity Act, 11th Amendment protections, lack of notice, use of reasonable care by the Defendant, consensual conduct by the Plaintiff, failure to mitigate

damages, that the actions taken by the Defendant were legitimate business decisions, contribution by the Plaintiff and by other third parties, comparative fault of the Plaintiff, superseding and intervening causes, immunity from punitive damages, and a lack of private right of action under the Utah Antidiscrimination Act and Title VII of the Civil Rights Act.

    b.    This case is    __X__ not referred to a magistrate judge

        _____ referred to magistrate judge *Cecilia M. Romero*

        _____ under 636(b)(1)(A)

        _____ under 636(b)(1)(B)

        _____ assigned to a magistrate judge under General Order 07-001 and

        _____ all parties consent to the assignment for all proceedings or

        _____ one or more parties request reassignment to a district judge

    c.    Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on August 19, 2021, via email.

The following attended:

    *Bruce M. Franson of Flickinger Sutterfield & Boulton,* counsel for *Plaintiffs;* and

    *Michael Dodge of the Utah Attorney General's Office,* counsel for *Defendants.*

    d.    The parties \_\_\_\_\_ have exchanged or __X__ will exchange by 8/19/2021 the initial disclosures required by Rule 26(a)(1).

    e.    Pursuant to Fed. R. Civ. P. 5(b)(2)(D), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by either (i) notice of electronic filing, or (ii) email transmission. Such electronic service will constitute service and notice of entry as required by those rules. Any right to service by USPS mail is waived.

**2.** **DISCOVERY PLAN**: The parties jointly propose to the court the following discovery plan: *Use separate paragraphs or subparagraphs as necessary **if the parties disagree.***

    a.    Discovery is necessary on the following subjects: **All claims and defenses.**

    b.    Discovery Phases

**Discovery will proceed in fact and expert discovery phases as described in the Scheduling Order. Parties are not prohibited from conducting expert discovery and fact discovery simultaneously, so long as each of the various phases are completed on or before their respective closing dates.**

    c.    Designate the discovery methods to be used and the limitations to be imposed.

        (1)   *For oral exam depositions, (i) specify the maximum number for the plaintiff(s) and the defendant(s), and (ii) indicate the maximum number of hours unless extended by agreement of the parties.*

Oral Exam Depositions

Oral Exam Depositions

Plaintiff(s)    __10__

Defendant(s)    __10__

Maximum number of hours per deposition    __7__

        (2)   *For interrogatories, requests for admissions, and requests for production of documents, specify the maximum number that will be served on any party by any other party.*

        Interrogatories    <u>25</u>

        Admissions    <u>25</u>

        Requests for production of documents <u>25</u>

    (3)    Other discovery methods: *Specify any other methods that will be used and any limitations to which all parties agree.*

**Parties will not be limited in the methods or scope of discovery other than by the limitations of the Federal Rules of Civil Procedure and any limitations specifically included in the Scheduling Order.**

d.    Discovery of electronically stored information should be handled as follows: *Brief description of parties' agreement.*

**The parties agree that requests for disclosure or production of electronically stored information (ESI) and responses thereto will be in accordance with applicable court rules, including Fed. R. Civ. P. 26, 34 and 37. The Court's Standard Protective Order shall apply to all discovery, including the discovery of ESI, under DUCivR 26-2.**

e.    The parties have agreed to an order regarding claims of privilege or protection as trial preparation material asserted after production, as follows: *Brief description of provisions of proposed order.*

**The Court's Standard Protective Order shall apply under DUCivR 26-2. The parties shall comply with Fed. R. Civ. P. 26(b)(5)(B) and other applicable court rules.**

f.    Last day to file written discovery   3/16/22

g.    Close of fact discovery   4/28/22

h.    *(optional)* Final date for supplementation of disclosures under Rule 26(a)(3) and of discovery under Rule 26(e)  4/14/22

**3.**    **AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES**:

a.    The cutoff dates for filing a motion to amend pleadings are:

Plaintiff(s) 4/18/22    Defendant(s) 4/18/22

b.    The cutoff dates for filing a motion to join additional parties are:

        Plaintiff(s) 4/18/22     Defendant(s) 4/18/22

        *(NOTE:  Establishing cutoff dates for filing motions does not relieve counsel from the requirements of Fed. R. Civ. P. 15(a)).*

**4.    EXPERT REPORTS**:

    a.    The parties will disclose the subject matter and identity of their experts on:

        Party(ies) bearing burden of proof 5/28/22

        Counter Disclosures 6/28/22

    b.    Reports from experts under Rule 26(a)(2) will be submitted on:

        Party(ies) bearing burden of proof 7/18/22

        Counter Reports  8/18/22

**5.    OTHER DEADLINES**:

    a.    Expert Discovery cutoff:   8/28/22

    b.    Deadline for filing dispositive[1] or potentially dispositive motions including motions to exclude experts where expert testimony is required to prove the case.

        9/18/22

    c.    Deadline for filing partial or complete motions to exclude expert testimony 9/18/22

**6.    ADR/SETTLEMENT**:

    *Use separate paragraphs/subparagraphs as necessary if the parties disagree.*

    a.    The potential for resolution before trial is:   ___ good   _X_ fair   ___ poor

---

[1] Dispositive motions, if granted, resolve a claim or defense in the case; nondispositive motions, if granted, affect the case but do not resolve a claim or defense.

    b.    The parties intend to file a motion to participate in the Court's alternative dispute resolution program for:   settlement conference (with magistrate judge): _____ arbitration: _____   mediation: _____

    c.    The parties intend to engage in private alternative dispute resolution for:

    arbitration: _____   mediation: _____   to be determined: __X__.

    d.    The parties will re-evaluate the case for settlement/ADR resolution on <u>the close of fact discovery</u>.

**7.    TRIAL AND PREPARATION FOR TRIAL:**

    a.    The parties should have __14___ days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3) (if different than the 14 days provided by Rule).

    b.    This case should be ready for trial by:  11/18/2022

    *Specify type of trial*:   Jury _____   Bench __x___

    c.    The estimated length of the trial is:  ___4___ days

 /s/ *Bruce M. Franson*                                       Date: 8/19/2021

Bruce M. Franson

FLICKINGER SUTTERFIELD & BOULTON

*Attorneys for Plaintiffs*


 /s/ *Michael Dodge* (with permission)                    Date: 8/19/2021

Michael Dodge

UTAH ATTORNEY GENERAL'S OFFICE

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this  19  day of August, 2021, a true and correct copy of the foregoing **ATTORNEY'S PLANNING MEETING REPORT**, was filed through ECF/Pacer and served upon the following as indicated:

| | |
|---|---|
| Michael Dodge<br>Utah Attorney General's Office<br>PO Box 140856<br>160 E. 300 S., 6th Floor<br>Salt Lake City, UT 84114<br>(801) 366-0100<br>mdodge@agutah.gov<br>*Attorney for Defendant-*<br>*University of Utah Madsen Health Center* | Sent Via:<br>☒ ECF/Pacer eFiling System<br>☐ Email to: mdodge@agutah.gov<br>☐ U.S. Mail (postage prepaid)<br>☐ Facsimile to:<br>☐ Personal Delivery |

                                                      /s/ *Bruce M. Franson*