MICHAEL A. DODGE (11560)
Assistant Utah Attorney General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, 6th Floor
Salt Lake City, UT 84114
Telephone: (385) 499-0580
Facsimile: (801) 366-0101
E-mail: mdodge@agutah.gov
*Attorneys for Defendant University of Utah Madsen Health Center*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MIA SALAS,<br><br>       Plaintiff,<br><br>v.<br><br>UNIVERSITY OF UTAH MADSEN HEALTH CENTER, and MATTHEW WELCH,<br><br>       Defendants. | **DEFENDANT UNIVERSITY OF UTAH MADSEN HEALTH CENTER'S ANSWER TO AMENDED COMPLAINT**<br><br>Case No. 2:21-cv-00437-JNP-DBP<br><br>Judge Jill N. Parrish<br>Magistrate Judge Dustin B. Pead |

Defendant University of Utah Madsen Health Center[1] ("University"), by and through counsel, Michael A. Dodge, Assistant Utah Attorney General, submits the following Answer to the Amended Complaint.

## PARTIES AND JURISDICTION

1. The University admits the allegations in paragraph 1.

2. The University admits the allegations in paragraph 2.

---

[1] The Madsen Health Center is a part of the University of Utah; therefore, the proper defendant is the University of Utah.

3. The University admits the allegations in paragraph 3.

4. The University admits the allegations in paragraph 4.

5. The University admits that Plaintiff sent a Notice of Claim Against a Governmental Entity via certified, return receipt, on September 11, 2020. The University denies the remaining allegations contained in paragraph 5.

6. The University admits the allegations in paragraph 6.

7. The University admits that Plaintiff filed a Charge of Discrimination on December 9, 2019, with the Utah Antidiscrimination and Labor Division and the Equal Employment Opportunity Commission. The University denies the remaining allegations in paragraph 7.

8. The University admits the allegations in paragraph 8.

9. The University admits the allegations in paragraph 9.

## GENERAL ALLEGATIONS

10. The University incorporates the preceding paragraphs as if fully stated herein.

11. The University admits that Plaintiff is a woman of Hispanic heritage. The University lacks sufficient knowledge and information to form a belief about the truth of the remaining allegations in paragraph 11 and therefore denies the same.

12. The University lacks sufficient knowledge and information to form a belie about the truth of the allegations in paragraph 12 and therefore denies the same.

13. The University lacks sufficient knowledge and information to form a belief about the truth of the allegations in paragraph 13 and therefore denies the same.

14. The University admits the allegations in paragraph 14.

15. The University asserts that the allegations in paragraph 15 call for legal conclusions for which no response is required. On those grounds, the University denies the allegations in paragraph 15.

16. The University lacks sufficient knowledge and information to form a belief about the truth of the allegations in paragraphs 16(a)-(d) and therefore denies the same. Furthermore, the University asserts that the allegations in paragraphs 16(a)-(d) call for legal conclusions for which no response is required. On those grounds, the University denies the allegations in paragraphs 16(a)-(d).

17. The University denies the allegations in paragraph 17.

18. The University admits that Plaintiff received verbal and written warnings for her behavior at work, which included warnings for excessive absences and tardiness. The University denies the remaining allegations in paragraph 18.

19. The University denies the allegations in paragraph 19.

20. The University denies the allegations in paragraph 20.

21. The University denies the allegations in paragraph 21.

22. The University denies the allegations in paragraph 22.

23. The University denies the allegations in paragraph 23.

24. The University denies the allegations in paragraph 24.

25. The University denies the allegations in paragraph 25.

26. The University admits the allegations in paragraph 26.

27. The University admits the allegations in paragraph 27.

28. The University denies the allegations in paragraph 28.

29. The University admits that it investigated Plaintiff's complaints after she filed a complaint with the University's AA/OEO office. The University denies the remaining allegations in paragraph 29.

30. The University admits that it investigated Plaintiff's complaints against Defendant Welch after she filed a complaint with the University's AA/OEO office. The University denies the remaining allegations in paragraph 30.

31. The University admits the allegations in paragraph 31.

## COUNT I
(Assault and Battery – Defendant Welch)

32. The University incorporates the preceding paragraphs as if fully stated herein.

33. The University asserts that the allegations in paragraph 33 call for legal conclusions for which no response is required. On those grounds, the University denies the allegations in paragraph 33.

34. The University asserts that the allegations in paragraph 34 call for legal conclusions for which no response is required. On those grounds, the University denies the allegations in paragraph 34.

35. The University asserts that the allegations in paragraph 35 call for legal conclusions for which no response is required. On those grounds, the University denies the allegations in paragraph 35.

36. The University asserts that the allegations in paragraph 36 call for legal conclusions for which no response is required. On those grounds, the University denies the allegations in paragraph 36.

37.     The University asserts that the allegations in paragraph 37 call for legal conclusions for which no response is required. On those grounds, the University denies the allegations in paragraph 37.

38.     The University asserts that the allegations in paragraph 38 call for legal conclusions for which no response is required. On those grounds, the University denies the allegations in paragraph 38.

39.     The University asserts that the allegations in paragraph 39 call for legal conclusions for which no response is required. On those grounds, the University denies the allegations in paragraph 39.

**COUNT II**
(Intentional Infliction of Emotion Distress – Defendant Welch)

40.     The University incorporates the preceding paragraphs as if fully stated herein.

41.     The University asserts that the allegations in paragraph 41 call for legal conclusions for which no response is required. On those grounds, the University denies the allegations in paragraph 41.

42.     The University asserts that the allegations in paragraph 42 call for legal conclusions for which no response is required. On those grounds, the University denies the allegations in paragraph 42.

43.     The University asserts that the allegations in paragraph 43 call for legal conclusions for which no response is required. On those grounds, the University denies the allegations in paragraph 43.

44. The University asserts that the allegations in paragraph 44 call for legal conclusions for which no response is required. On those grounds, the University denies the allegations in paragraph 44.

45. The University asserts that the allegations in paragraph 45 call for legal conclusions for which no response is required. On those grounds, the University denies the allegations in paragraph 45.

46. The University asserts that the allegations in paragraph 46 call for legal conclusions for which no response is required. On those grounds, the University denies the allegations in paragraph 46.

47. The University asserts that the allegations in paragraph 47 call for legal conclusions for which no response is required. On those grounds, the University denies the allegations in paragraph 47.

48. The University asserts that the allegations in paragraph 48 call for legal conclusions for which no response is required. On those grounds, the University denies the allegations in paragraph 48.

### COUNT III
(Hostile Work Environment)

49. The University incorporates the preceding paragraphs as if fully stated herein.

50. The University denies the allegations in paragraph 50.

51. The University denies the allegations in paragraph 51.

52. The University denies the allegations in paragraph 52.

53. The University denies the allegations in paragraph 53.

54. The University lacks sufficient knowledge and information to form a belief about the allegations in paragraph 54 and therefore denies the same.

55. The University asserts that the allegations in paragraph 55 call for legal conclusions for which no response is required. On those grounds, the University denies the allegations in paragraph 55.

56. The University denies the allegations in paragraph 56.

57. The University denies the allegations in paragraph 57.

58. The University denies the allegations in paragraph 58.

59. The University denies the allegations in paragraph 59.

## COUNT IV
(Wrongful Termination)

60. The University incorporates the preceding paragraphs as if fully stated herein.

61. The University denies the allegations in paragraph 61.

62. The University denies the allegations in paragraph 62.

63. The University denies the allegations in paragraph 63.

64. The University denies the allegations in paragraph 64.

## COUNT V
(Retaliation)

65. The University incorporates the preceding paragraphs as if fully stated herein.

66. The University denies the allegations in paragraph 66.

67. The University denies the allegations in paragraph 67.

68. The University denies the allegations in paragraph 68.

69. The University denies the allegations in paragraph 69.

70. The University denies the allegations in paragraph 70.

## COUNT VI
(Punitive Damages – Defendant Welch)

71. The University incorporates the preceding paragraphs as if fully stated herein.

72. The University asserts that the allegations in paragraph 72 call for legal conclusions for which no response is required. On those grounds, the University denies the allegations in paragraph 72.

73. The University asserts that the allegations in paragraph 73 call for legal conclusions for which no response is required. On those grounds, the University denies the allegations in paragraph 73.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff failed to exhaust her administrative remedies.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the University did not have actual or constructive notice of any alleged harassment, discrimination or retaliation by Welch.

## FOURTH AFFRIMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the University exercised reasonable care to prevent and correct promptly any retaliatory, harassing or discriminatory behavior appropriately reported by Plaintiff, and Plaintiff unreasonably failed to take advantage

of any preventive or corrective opportunities provided by the University or to avoid harm otherwise.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because of Plaintiff's voluntary, willful and consensual conduct.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff failed to mitigate her damages.

## SEVENTH AFFIRMATIVE DEFENSE

No act or omission by the University caused or contributed to whatever injury, if any, the Plaintiff claims to have sustained.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any of the relief she requests because any employment action taken by the University would have been taken even in the absence of any alleged unlawful retaliation.

## NINTH AFFIRMATIVE DEFENSE

All actions taken by the University were the result of legitimate non-discriminatory, and non-retaliatory business reasons.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because any injuries and damages claimed by Plaintiff arose from Plaintiff's own actions or omissions, or from the actions or omissions of third parties over whom the University had no authority or control.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, may have been caused or contributed to by parties beyond the University's control or right to control. All such parties must be placed on the jury special verdict for an apportionment of fault.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the University acted reasonably and in good faith and did not act negligently, egregiously, with malice or with willful or reckless indifference or disregard to any of Plaintiff's rights.

## THIRTEENTH AFFRIMATIVE DEFENSE

Plaintiff's claims for attorneys' fees are barred, in whole or in part, because attorneys' fees are not an available remedy.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff cannot prove any of the elements of her claims necessary to establish a prima facie case.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the University's legitimate non-discriminatory, and non-retaliatory business reasons for its actions were not pretextual.

WHEREFORE, the University respectfully requests that:

1. Plaintiff's claims be dismissed with prejudice;

2. The University be awarded its costs including reasonable attorney's fees; and

3. The University be awarded such other relief as the Court may deem appropriate.

DATED: February 24, 2022.

        SEAN REYES
        Utah Attorney General

        */s/ Michael A. Dodge*
        MICHAEL A. DODGE
        Assistant Utah Attorney General
        *Attorney for Defendant University of Utah Madsen Health Center*

## CERTIFICATE OF SERVICE

I certify that on February 22, 2022, I served the foregoing UNIVERSITY OF UTAH MADSEN HEALTH CENTER'S ANSWER TO AMENDED COMPLAINT on the following by using the Court's electronic filing system. I also certify that a true and correct copy of the foregoing was placed in outgoing, United States mail, postage prepaid, to Matthew Welch:

Bruce M. Franson
9289 S. Redwood Rd., Ste. A
West Jordan, UT 84088
bruce@fsutah.com

Matthew Welch
3190 Imperial Street
Salt Lake City, UT 84106

        */s/ Tracy Henry*